UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

**UNITED STATES OF AMERICA,**

v.                    6:12-cr-11

**ANNIE HOPKINS, et al.,**

**Defendant.**

## ORDER

Before the Court are the following motions filed by Annie Hopkins: (1) Motion for Evaluation and Determination of Competency, ECF No. 154; (2) Motion for Hearing to Withdraw Guilty Plea of Defendant, ECF No. 155; and (3) Motion to Continue Sentencing Hearing. ECF No. 156. For the following simple, clear, and indisputable reasons, all three motions are *DENIED*.

"It is well settled that . . . that there is no absolute right to withdraw a guilty plea prior to imposition of a sentence. The decision to allow withdrawal is left to the sound discretion of the trial court." *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988). The refusal to hold an evidentiary hearing, moreover, is discretionary. *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006). That discretion is not abused where, like here, "a court has conducted extensive Rule 11 inquiries prior to accepting the guilty plea." *Id.*; *see* FED. R. CRIM P. 11.

Hopkins pleaded guilty after a lengthy, extensive, and personalized Rule 11 proceeding. This Court—in addition to advising Hopkins of her rights, the maximum penalties, and charges against her, among many other items—inquired as to Hopkins's competence, the voluntariness of her plea, and the quality of her counsel's assistance. Hopkins gave no indication, either via direct answer, or by her demeanor, that her competency and comprehension could possibly be questioned.

This Court also repeatedly asked Hopkins if she wished to plead guilty. Hopkins repeatedly said yes. Hopkins, in fact, urged the Court to allow her to plead guilty after the Court expressed its inclination to decline the plea and proceed to trial.

Hopkins, after receiving the probation officer's presentence report ("PSR"), now claims that she did not comprehend the consequences of her plea and that she had no choice but to plead guilty. *See* ECF No. 155. Her demeanor and words at her "extensive Rule 11 inquir[y]" belie that claim. *Brehm*, 442 F.3d at 1298. So too do comments Hopkins made on audio recordings presented at the trial of her codefendant, Robbie Reason. To credit her current, contrary allegations would be to ignore what plainly amounts to an attempt by Hopkins to have her cake and eat it too. This the Court will not do. Hopkins's motion to withdraw her guilty plea is *DENIED*.

Hopkins also requests a mental evaluation in connection with her claim of "low intelligence" and "lack of competency." ECF No. 155 at 1. As noted above, however, Hopkins had ample intelligence and understanding at the time of her plea and at the time she defrauded United States taxpayers of hundreds of thousands of dollars. Many things, such as Alzheimer's, may cause diminished capacity and intelligence. A less than rosy PSR cannot. Hopkins's motion for

evaluation therefore is also ***DENIED***. Because no issue remains to justify delay, Hopkins's motion to continue her sentencing hearing is also ***DENIED***.

This １ˢᵗ day of April, 2013.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA